IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES F. E.,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>**Defendant.** | Case No. 21-CV-2298-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in multiple ways. Plaintiff primarily argues that the ALJ erred in determining his residual functional capacity ("RFC"). In addition, Plaintiff contends that the ALJ failed to meet his step-five burden. Having reviewed the record, and as described below, the Court reverses the order of the Commissioner and remands the case.

**I.    Procedural History**

On April 10, 2019, Plaintiff protectively applied for a period of disability and disability insurance benefits. He alleged a disability onset date of September 9, 2017. Plaintiff's applications were denied initially and upon reconsideration. He then asked for a hearing before an ALJ.

After a telephonic hearing on January 14, 2021, the ALJ issued a written decision on February 18, 2021, finding that Plaintiff was not disabled. Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. Plaintiff's request for

review was denied on May 24, 2021. Accordingly, the ALJ's February 2021 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and the grant of his requested social security benefits. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards.[1] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[3]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[4]

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

[4] 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(a).

> engage in any other kind of substantial gainful work which exists in the national economy . . . .[5]

Pursuant to the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe impairment, or combination of severe impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8] "If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is [the claimant's] ability to do physical and mental work activities on a sustained basis despite limitations from her impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[10] The claimant bears the burden in steps one through four to prove a

---

[5] *Id*. § 423(d)(2)(A).

[6] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7] *Barkley v. Astrue*, Case 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (first quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); and then quoting *Williams v. Brown*, 844 F.2d 748, 751 (10th Cir. 1988)); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[9] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

disability that prevents performance of his past relevant work.[11]  The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since September 9, 2017.  He determined at step two that Plaintiff had the following severe impairments: traumatic brain injury ("TBI"); vestibular dysfunction; occipital neuralgia; macular telangiectasia; macular cyst; myofascial pain syndrome; migraines; obesity; degenerative joint disease in the right shoulder status-post rotator cuff surgery; anxiety; mild neurocognitive disorder; and adjustment disorder with mixed anxiety and depressed mood.  At step three, the ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  Continuing, he determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b).  The claimant can frequently push/pull with his right upper extremity; frequently climb ramps and stairs; and occasionally climb ladder[s], ropes, and scaffolds.  He can frequently reach overhead with right upper extremity.  Lastly, the claimant can perform frequent near and far acuity; and retains sufficient visual acuity to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles.  The claimant is able to apply common sense understanding to carry out detailed but uninvolved instructions in the performance of simple, routine, and repetitive tasks; in a work environment free of fast paced production requirements; involving only simple, work-related decision[s]; with few, if any, work place changes.  The claimant can have frequent interaction with the public, co-workers, and supervisors.[13]

---

[11] *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005)).

[12] *Id*. (quoting *Hackett*, 395 F.3d at 1171).

[13] Doc. 9-3 at 20.

4

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work. After considering Plaintiff's age, education, work experience, and RFC, he found that other jobs existed in significant numbers in the national economy that Plaintiff could perform. Thus, the ALJ concluded that Plaintiff had not been under a disability from September 9, 2017, through the date of his decision.

## IV.  Discussion

Plaintiff asserts multiple errors in the ALJ's decision. He contends that (1) the ALJ erred with his physical function-by-function analysis in his RFC, (2) the physical portion of his RFC is unsupported by substantial evidence, (3) the mental portion of his RFC is unsupported by substantial evidence, (4) the RFC as a whole is unsupported by substantial evidence, and (5) the ALJ failed to sustain his step-five burden. The Court will only specifically address the first contention as it finds that remand is necessary on this issue.

### A.  Function-by-Function Analysis

Plaintiff contends that the ALJ erred in assessing his RFC because he did not perform a function-by-function analysis. The ALJ found that Plaintiff had the ability to perform light work as defined in 20 C.F.R. § 404.1567(b). This regulation provides:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.[14]

---

[14] 20 C.F.R. § 404.1567(b).

Plaintiff asserts that the ALJ's RFC assessment makes it is impossible to determine how the ALJ assessed Plaintiff's actual ability to walk, sit, stand, push, and pull.  In addition, Plaintiff argues that the ALJ's simple reference to § 404.1567(a) does not comport with the mandate of Social Security Ruling ("SSR") 96-8p to set forth a function-by-function analysis.

The Commissioner acknowledges that SSR 96-8 states that "the RFC must not not be expressed initially in terms of the exertional categories."[15]  The Commissioner, however, relies on *Hendron v. Colvin*,[16] and asserts that the Tenth Circuit rejected an argument substantially identical to Plaintiff's.  In discussing SSR 96-8's requirement of a function-by-function analysis, the Tenth Circuit stated that if one is not performed, the ALJ "'may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do.'"[17]  In the case before it, however, the court found that the ALJ did not overlook any limitations or restrictions by not performing the function-by-function analysis.[18]  Instead, the court found that the ALJ's discussion demonstrated that the ALJ found that the evidence did not support a limitation and thus a formulaic recitation of the plaintiff's ability was unnecessary.[19]

The Commissioner asserts that in this case, Plaintiff does not point to a substantial limitation or restriction that the ALJ overlooked when he did not perform a function-by-function analysis and expressed Plaintiff's RFC as the capacity to do light work.  Thus, the Commissioner contends that the potential issue identified by the court in *Hendron* is not present here.  Plaintiff

---

[15] Doc. 18 at 9 (quoting SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996)).

[16] 767 F.3d 951 (10th Cir. 2014).

[17] *Id.* at 956 (quoting SSR 96-8p, 1996 WL 374184, at *4).

[18] *Id*. at 957.

[19] *Id*.

disagrees with the Commissioner and states that he does point to limitations that the ALJ overlooked. Specifically, he contends that it is unclear as to the amount of walking and/or standing Plaintiff could perform. The Court agrees with Plaintiff.

SSR 96-8p provides that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."[20]

> At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of "sedentary," "light," "medium," "heavy," and "very heavy" work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.[21]

SSR 96-8p "requires separate consideration 'of seven strength demands: i.e., sitting, standing, walking, lifting, carrying, pushing, and pulling.'"[22] The "[f]ailure to perform a function-by-function assessment may result in an improper finding at step four regarding plaintiff's ability to perform his past relevant work as he actually performed it."[23] In addition, the "failure to do a function-by-function assessment may result in improper findings . . . at step five regarding plaintiff's ability to perform other work in the national economy."[24]

Here, the ALJ did not make any specific determinations as to Plaintiff's ability to sit, stand, or walk. Instead, he simply expressed the RFC in terms of exertion and stated that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b)."[25] This regulation does not include any specifics as to the amount of time for sitting, standing, or

---

[20] SSR 96-8p, 1996 WL 374184, at *3.

[21] *Id.*

[22] *Alexander v. Barnhart*, 74 F. App'x 23, 28 (10th Cir. 2003) (citing SSR 96-8p, 1996 WL 374184, at *5).

[23] *Ruben M. v. Kijakazi*, No. 20-2530-JWL, 2022 WL 457796, at *3 (D. Kan. Feb. 15, 2022) (citing SSR 96-8p, 1996 WL 374184, at *3).

[24] *Id.* (citing SSR 96-8p, 1996 WL 374184, at *3–4).

[25] Doc. 9-3 at 20.

walking. Instead, it provides that "a job is in this category when it requires a *good deal* of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."[26] The Court notes that SSR 83-10 provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."[27] Thus, the ALJ could have meant that Plaintiff could stand or walk for six hours. Or he could have meant that he could sit most of the time with pushing and pulling of arm or leg controls. But the Court cannot conclusively make this determination because those functional limitations are not set forth.

In addition, the ALJ's hypothetical to the vocational expert did not contain any specifics as to the amount of time sitting, standing, or walking. Instead, the hypothetical stated that Plaintiff "could do work at the light exertional level."[28] Thus, this hypothetical is inconclusive as to whether the ALJ specifically considered Plaintiff's functional limitations as to standing, sitting, and walking.

As noted in another decision from the District of Kansas, "[t]he court believes deference is due an ALJ's decision where the decision can be understood, but such is not the case here."[29] In *Ruben M.*, the ALJ did not perform a function-by-function analysis and simply stated that the individual could perform "light work as defined in 20 CFR 404.1567(b)."[30] Judge Lungstrum noted that the evidence showed Plaintiff testified that he had marginal capacity to sit/stand/walk,

---

[26] 20 C.F.R. § 404.1567(b) (emphasis added).

[27] SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). The regulation and the SSR are inconsistent in that § 404.1567(b) states that light work may require sitting most of the time while SSR 83-10 provides that sitting only occurs intermittently throughout two hours of the day.

[28] Doc. 9-3 at 124.

[29] *Ruben M.*, 2022 WL 457796, at *3.

[30] *Id.* at *2.

but the ALJ "never made a finding of Plaintiff's actual sitting or standing and walking abilities."[31]  He stated that because the ALJ did not perform a function-by-function analysis, the court could not "find support in the decision for a determination [that] the ALJ considered Plaintiff's sitting or standing and walking abilities before he determined Plaintiff [could] perform a range of light work."[32]

Here, Plaintiff testified that movement made him dizzy, that he could stand for 15-20 minutes, walk for 20 minutes at a time, and sit for twenty minutes at a time.  He also testified that when he sits still, his vision is not affected by dizziness.  Thus, there was testimony from Plaintiff that he was limited in his ability to stand and walk.  And as Plaintiff points out, the ALJ found a medical opinion in the record partially persuasive that opined Plaintiff was capable of work at light exertion level, but the light exertion level was defined as standing and/or walking for four hours in an eight-hour workday.[33]  A limitation to four hours is not consistent with the light work definition in § 404.1567(b) for a "good deal" of walking.  Nor is it consistent with SSR 83-10's definition of light work as standing or walking for six hours.

Furthermore, the Court notes that Plaintiff's treating physician opined that Plaintiff could not return to work or return to work in four-hour shifts at light duty.  Although the ALJ discounted this opinion as unpersuasive, the ALJ never set forth or discussed Plaintiff's ability to stand or walk anywhere in the decision.  Without any specific functional limitations asserted in the RFC (or throughout the rest of the decision), and due to the inconsistencies between the regulations, SSRs, and statements in the ALJ's decision, the Court cannot determine how or even whether the ALJ considered Plaintiff's ability to sit, stand, or walk throughout the day.  Thus, the

---

[31] *Id.* at *3.

[32] *Id*. at *4.

[33] Doc. 9-3 at 29.

Court finds that remand is required because the ALJ did not perform a function-by-function analysis as required by SSR 96-8p.

Plaintiff identifies several other errors in the ALJ's RFC, including that the RFC is unsupported by substantial evidence as to Plaintiff's physical and mental limitations. Plaintiff also contends that had the ALJ limited Plaintiff to walking and/or standing for four hours—consistent with Dr. Torres' opinion—the three jobs identified by the vocational expert ("VE") would likely have been eliminated.[34] In addition, Plaintiff argues that the Commissioner failed to sustain the burden at step five. Because the Court has already determined that remand is necessary due to the ALJ's failure to perform a function-by-function analysis, the Court will not provide an advisory opinion regarding the ALJ's consideration of the evidence supporting Plaintiff's physical and mental limitations. Furthermore, once the ALJ sets forth a function-by-function analysis and sets forth specifics on Plaintiff's ability to walk, stand, or sit, the VE's conclusions regarding the jobs available for Plaintiff may change, and thus the ALJ's step five conclusion may be different.

## V.     Conclusion

In sum, it does not appear that there was substantial evidence in the record from which the ALJ could base his findings and conclusion as to Plaintiff's RFC. Plaintiff requests that the Court reverse the decision with directions to the Commissioner for an immediate award of disability insurance benefits. In some cases, an immediate award of benefits is appropriate.[35] However, "remand is more appropriate when the administrative record has not been fully developed, or where the ALJ makes minimal findings that are not supported by adequate

---

[34] As noted above, however, because there are no specifics as to Plaintiff's ability to stand/sit/walk, it is unclear how the Commissioner considered Plaintiff's walking, standing, or sitting abilities.

[35] *See Williams v. Bowen*, 844 F.2d 748, 760 (10th Cir. 1988).

evaluation of the evidence in the record."[36] Here, the Court cannot conclusively determine that an award of benefits is appropriate but instead finds that the Court cannot determine from the ALJ's decision how he considered Plaintiff's walking, standing, or sitting ability. Therefore, the Court concludes that it is more appropriate to reverse and remand.

**IT IS THEREFORE ORDERED** that judgment shall be entered and this case shall be **reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g)** for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED.**

Dated: August 8, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[36] *Higgins v. Barnhart*, 294 F. Supp. 2d 1206, 1215 (D. Kan. 2003) (citing *Taylor v. Callahan*, 969 F. Supp. 664, 673 (D. Kan. 1997)).